FILED
2020 Feb-03  AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANNGELEANER ROBINSON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **BBVA USA,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

## I.  JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991,  42 U.S.C. Section 2000(e), *et seq*. (hereinafter "Title VII"), 42 U.S.C. § 1981a and 42 U.S.C.§ 1981 and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 et seq.   The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured by Title VII and 42 U.S.C.§ 1981, providing for injunctive and other relief against race discrimination, gender discrimination, age discrimination,

1

and retaliation.

2.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § *2000e et seq*. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-to-Sue letter from the EEOC.

3.      Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern  Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

## II.    PARTIES

4.      Plaintiff, Anngeleaner Robinson ("Plaintiff") is a citizen of the United States, and a resident of the State of Alabama.

5.      Defendant, BBVA USA ("Defendant") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## III.   FACTS

6.      Plaintiff is a 64 year old African American woman who began working for Defendant over thirty seven years ago, starting on February 2, 1981.

7.      Plaintiff  performed  her  job  well  throughout  her  thirty-seven  years  of

employment; her performance reviews were excellent and outstanding and she was never disciplined.

8.   In December 2017, the Executive Director for Enterprise Fraud Management, Scott Grizzle, a white man, made the decision to have Plaintiff report to a new boss named Pablo Cando, a Hispanic man, who held the job title of Fraud Governance, Reporting and Q&A Director.

9.   Not long after Plaintiff started working for him, Pablo began treating Plaintiff in a discriminatory manner including taking the following actions: assigning her tasks that he knew she could not complete, constantly picking on her, yelling at her whenever he had an opportunity, threatening to fire her and treating her in a hostile and abusive manner throughout her employment.

10.  In April 2018, Plaintiff learned that Cando had singled her out for not getting a raise while giving all of her white co-workers a raise and giving her a "Needs Improvement" performance review for 2017, despite the fact that he did not even start supervising her until December 2017.

11.  In mid April 2017, Plaintiff complained to Human Resources (HR) that Cando had discriminated against her, explaining that she was the only black employee on their team and Cando had given her white team members a raise but did not give Plaintiff a raise.

12.   Defendant called in an outside attorney to investigate Plaintiff's complaints of discrimination against Cando.

13.   Despite her complaint, Cando continued his discriminatory treatment of Plaintiff, assigning her work that was impossible to complete and leading Plaintiff to continue complaining to Human Resources about Cando's discriminatory treatment of her.

14.   Other employees had also complained of Cando discriminating against them, including at least one of them filing an EEOC Charge naming Cando in it.

15.   Finally, on July 31, 2018, Defendant moved Plaintiff to work under the Director of Investigations and Recovery, Joe Rowe, a white male, who, like Cando, fell under Executive Director  Grizzle's supervision, the person who had originally assigned Plaintiff to work under Cando.

16.   Rowe continued to discriminate against Plaintiff as Cando had been doing by excluding her from discussions, demeaning her in front of her coworkers and isolating her.

17.   Previously, Rowe  had been named in an EEOC Charge and federal lawsuit for his role in discriminating against an employee because of her age and female gender in 2017 at his former place of employment prior to joining Defendant.

18.   Plaintiff did not know of Rowe's prior history of age discrimination, and on

August 15, 2018, she informed Rowe that Cando, who was still employed at Defendant, had been discriminating against her because of her age, race and gender. She told Rowe that Cando wanted her gone and the company may be using him (Rowe) to help get rid of her.

19. Around August 31, 2018, Plaintiff told the director of fraud and physical security, Lee Byrd, that Rowe had been discriminating against her.

20. Although Cando was no longer Plaintiff's supervisor, he made it a point to have numerous encounters with Plaintiff where he harassed her at work.

21. On December 13, 2018, Rowe and a human resources representative named Tasha Hardy met with Plaintiff and told her that her job had been eliminated as of December 28, 2018.

22. Defendant stated to the EEOC that Plaintiff was the only employee laid off in her department as part of a reduction in force (RIF).

23. Plaintiff was the oldest employee in her department; indeed, she had worked for Defendant longer than some of her co-workers had been alive.

24. Although Plaintiff was told her job had been eliminated, Defendant assigned Plaintiff's duties to a younger white female named Jeanette Shackelford.

25. Plaintiff could have done all the duties Shackelford did after Plaintiff's discharge and more.

5

26. Plaintiff filed an EEOC Charge on April 19, 2019, and in response to her Charge Defendant filed a position statement denying Plaintiff had ever complained of discrimination, specifically stating as follows: "It is important to note that she (Plaintiff) did not complain about 'discrimination'; she complained about harsh and unfair treatment to which she contended everyone in the group was subjected."

27. However, at least two of Plaintiff's complaints of discrimination are in the form of an email to management or HR and state as follows:

> April 18[th] email to human resources:
>
>> Pablo has totally discriminated against me.  I am the only black Compass employee on our team.  Pablo gave all of my white team members (who I love) a raise but did not give me one.
>
> August 15[th] email to Director Joe Rowe:
>
>> Pablo has been targeting me for quite sometime now and as I told you Monday it is due to my Gender, my Age and my race as well as some other things.  Pablo wants me gone and they may be using you to help do that.

28. Defendant's articulated reasons for denying Plaintiff a raise and terminating her are false and/or a pretext for race and/or gender discrimination. And, in the alternative, even if Defendant had legitimate reasons for the above stated adverse actions it took towards Plaintiff, race and gender discrimination remained at least motivating factors in its decision.

29.     But for Plaintiff's complaint of discrimination, Defendant would not have terminated her.

30.     But for Plaintiff's age, Defendant would not have denied her a raise or terminated her.

31.     Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

32.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

33.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## IV.     CAUSES OF ACTION

### Count I – Race Discrimination

34.     Plaintiff re-alleges and incorporates by reference the above stated factual paragraphs with the same force and effect as if fully set out in specific detail below.

35.     Plaintiff brings this Count pursuant to Title VII of the Act of Congress known

as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

36.   During her employment, Defendant discriminated against Plaintiff because of her African American race by taking adverse employment actions against her up to and including denying her a raise and terminating her employment.

37.   Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

38.   Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions it took towards Plaintiff, race remained at least a motivating factor in the adverse employment actions Defendant took against her.

39.   Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

40.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

41.   Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count II – Gender Discrimination**

42. Plaintiff re-alleges and incorporates by reference the above stated factual paragraphs with the same force and effect as if fully set out in specific detail below.

43. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a.

44. During her employment, Defendant discriminated against Plaintiff because of her female gender by taking adverse employment actions up to and including denying her a raise and terminating her employment.

45. Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

46. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions it took towards her, gender remained at least a motivating factor in the adverse employment actions Defendant took against her.

47. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the

wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

49.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count III – Age Discrimination under ADEA**

50.     Plaintiff re-alleges and incorporates the above factual paragraphs as if fully set forth herein.

41.     Plaintiff brings this Count pursuant to the ADEA.

42.     Plaintiff is over forty years old.

43.     Defendant discriminated against Plaintiff on the basis of age by taking adverse employment actions against him which affected the terms and conditions of her employment, including terminating her.

44.     But for Plaintiff's age, Defendant would not have terminated her.

45.     Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff.

46.     Said discrimination was done willfully and intentionally.


**Count IV – Retaliation**

51.    Plaintiff re-alleges and incorporates by reference the above stated factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

52.    Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

53.    Plaintiff complained of discrimination to management and human resources.

54.    In response to Plaintiff's opposition to discrimination, Defendant retaliated against Plaintiff by terminating her employment.

55.    There is a causal relationship between Plaintiff's opposition to discrimination and the materially adverse employment actions taken against her by Defendant.

56.    Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

57.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

58.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    DAMAGES

59.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

60.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 et seq.

61.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 et seq.

12

62.   Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement in the position and salary level she would have occupied absent discrimination, backpay, front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

63.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

### JURY DEMAND

Plaintiff Demands a Trial by Struck Jury.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
BBVA USA
CT CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104